# Exhibit E

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| S<br>Plaintiff,<br>vs.<br>SUNG H. HONG,<br>Defendant. | NO.<br>SUMMONS |

BEST AVAILABLE COPY

FILED
98 OCT 15 PM 2:42
SUPERIOR COURT CLERK
KENT, WA

TO THE DEFENDANTS:

A lawsuit has been started against you in the above entitled court by the plaintiff above-named. Plaintiff's claim is stated in their written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 26th day of August, 1998.

McCORMICK HOFFMAN, P.S.

By: ______________________
Chong S. So, WSBA #22885

**McCORMICK, HOFFMAN, REES, FAUBION, VAN BUSKIRK & JOHNSON, P.S.**
31919 1st Avenue S., Suite 109
Federal Way, WA 98499
(253) 946-5144

FILED

KING COUNTY SUPERIOR COURT
PAUL L. SHERFEY
DIRECTOR & SUPERIOR CT CLERK
SEATTLE WA

98-2-24539-5

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 10/15/1998 | 10/16/1998 | 02:41 PM |

| Receipt/Item # | Tran-Code | Docket-Code |
|---|---|---|
| 1998-09-12253/01 | 1100 | $FFR |

Paid By: MCCORMICK HOFFMAN, ATTYS
Transaction Amount: $110.00

FILED
98 OCT 15 PM 2:42
SUPERIOR COURT CLERK
KENT, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR KING COUNTY

[redacted]

| | |
|---|---|
| S[redacted], Plaintiff, and SUNG H. HONG, Defendant. | NO. COMPLAINT FOR MONIES DUE, INTERESTS, AND ATTORNEY'S FEES |

COMES NOW Plaintiff, by and through his attorney, CHONG S. SO, of the law offices of McCORMICK, HOFFMAN, REES, FAUBION, VAN BUSKIRK & JOHNSON, P.S., and for the causes of action against the above named defendant, alleges as follows:

## I. IDENTIFICATION OF PARTIES AND JURISDICTION

1.1 That Plaintiff, S[redacted], is an individual residing in King county, Washington.

1.2 That Defendant, SUNG H. HONG, is a single individual residing in King county, Washington.

1.3 All acts relevant in this cause of action occurred in King county, Washington.

**McCORMICK, HOFFMAN, REES, FAUBION, VAN BUSKIRK & JOHNSON, P.S.**
31919 1st Avenue S., Suite 109
Federal Way, WA 98499
(253) 946-5144

## II. FACTS

2.1 On or about October 13, 1997, plaintiff and defendant created a Washington corporation under the name of R[redacted] INVESTMENTS & SECURITIES, INC. (hereinafter "R[redacted]). The primary business of R[redacted] was initially to invest in real estate properties and publicly traded stocks and securities.

2.2 Each party obtained equal shares of R[redacted] with plaintiff's initial investment of $65,000.00 and defendant's initial investment of $70,000.00.

2.2 Plaintiff and defendant were named as directors, and defendant was named President and Treasurer, and plaintiff was named Vice-President and Secretary of R[redacted]

2.3 Defendant was primarily responsible for day to day operation of R[redacted] and its trading of stocks. R[redacted] started its trading on or about February 26, 1998.

2.4 Due to significant losses in its trading, defendant's negligence on his duties, and defendant's reckless trading, a special meeting was called by plaintiff on March 27, 1998, to reconsider dissolving the corporation or other investment options. Both parties were present and resolutions were agreed upon. R[redacted] was to continue its investments in stocks, however, no "day-trading" would be allowed. Further, all investments would be mutually agreed upon by both parties. If defendant was to engage in any unauthorized "day-trading", he agreed to have done so personally and thereby agreed to indemnify plaintiff of any loss incurred. Corporate minutes of said meeting were drafted and signed by both parties (a copy of said minutes

McCORMICK, HOFFMAN, REES, FAUBION,
VAN BUSKIRK & JOHNSON, P.S.
31919 1st Avenue S., Suite 109
Federal Way, WA 98499
(253) 946-5144

are herein attached as Exhibit "1", and fully incorporated herein by reference).

2.5 Defendant continued to engage in "day-trading" but did not provide any daily trading report or equity reconciliation report as agreed. Plaintiff was not in position to monitor daily activities and made numerous attempts to communicate with defendant to receive reports on equity position, but defendant continuously avoided providing his trading reports.

2.6 Plaintiff contacted Waterhouse Securities, Inc., the brokerage firm used by R[redacted] in its trading, and stopped any further trading by defendant.

2.7 The remaining equity was withdrawn from Southwest Securities, and deposited with Waterhouse Securities, Inc., by mutual agreement.

2.8 In or around August 7, 1998, Defendant attempted to embezzle the funds in Waterhouse Securities, Inc., illegally drawing a check from the corporate account. Plaintiff stopped the check and requested the firm to stop any further trading.

2.9 In or around late April, 1998, plaintiff discovered that Defendant had incurred losses of approximately $100,000.00.

### III. FIRST CAUSE OF ACTION - BREACH OF CONTRACT

3.1 Plaintiff realleges each and every allegations set forth in paragraphs I and II.

3.2 Defendant's actions and/or inactions amount to a breach of contract with plaintiff, which has damaged the plaintiff in the amount to be proven at trial.

### IV. SECOND CAUSE OF ACTION - FRAUDULENT AND/OR NEGLIGENT MISREPRESENTATION

McCORMICK, HOFFMAN, REES, FAUBION,
VAN BUSKIRK & JOHNSON, P.S.
31919 1st Avenue S., Suite 109
Federal Way, WA 98499
(253) 946-5144

4.1 Plaintiff realleges each and every allegation set forth in paragraphs I, II and III.

4.2 That the defendant fraudulently and/or negligently misrepresented the future investment plan of R in an attempt to induce plaintiff to continue the operation of R. Further, defendant fraudulently and/or negligently misrepresented himself as an expert in stock trading and real estate investments. That such misrepresentations were material in inducing plaintiff to continue the operation of R without dissolving the company. That the plaintiff relied upon said misrepresentations and had a right to rely on the same.

4.3 That as a result of defendant's misrepresentations, plaintiff has been damaged in an amount to be proven at trial.

V. <u>THIRD CAUSE OF ACTION - BREACH OF DIRECTOR'S FIDUCIARY DUTIES</u>

5.1 Plaintiff realleges each and every allegation set forth in paragraphs I, II, III and IV.

5.2 Defendant's reckless disregard and negligent behavior is in direct violation of general standard required for directors under R.C.W. 23B.08.300.

5.3 Such breach of duties has damaged plaintiff in an amount to be proven at trial.

VI. <u>FOURTH CAUSE OF ACTION - BREACH OF OFFICER'S FIDUCIARY DUTIES</u>

6.1 Plaintiff realleges each and every allegation set forth in paragraphs I, II, III, IV and V.

6.2 Defendant's reckless disregard and negligent behavior is in direct violation of general standard required for officers under R.C.W.

McCORMICK, HOFFMAN, REES, FAUBION,
VAN BUSKIRK & JOHNSON, P.S.
31919 1st Avenue S., Suite 109
Federal Way, WA 98499
(253) 946-5144

23B.08.410, R_______'s By-Laws, and duties prescribed by the Directors of R_______

6.3 Such breach of duties has damaged plaintiff in an amount to be proven at trial.

DATED this 28th day of August, 1998.

McCORMICK, HOFFMAN, REES, FAUBION, VAN BUSKIRK & JOHNSON, P.S.

By: ____________________
Chong S. So, WSBA #22885
Of Attorneys for Plaintiff

STATE OF WASHINGTON )
) ss
County of King )

S. _______ being first duly sworn upon oath, deposes and says:

That I am the plaintiff in this cause of action, and that I have read the foregoing complaint, know the contents thereof and believe the same to be true.

DATED this 28th day of August, 1998.

CHONG SU SO
NOTARY PUBLIC
COMMISSION EXPIRES 12-17-01
STATE OF WASHINGTON

____________________
S. Jay Lee, Plaintiff

SUBSCRIBED AND SWORN to before me this 28th day of August, 1998, by S. _______

____________________
Notary Public in and for the State of Washington
residing at Fed. Way, WA
My commission expires 12/17/01

McCORMICK, HOFFMAN, REES, FAUBION, VAN BUSKIRK & JOHNSON, P.S.
31919 1st Avenue S., Suite 109
Federal Way, WA 98499
(253) 946-5144

Exhibit 1

# MINUTES OF JOINT MEETING OF DIRECTORS AND SHAREHOLDERS OF R INVESTMENTS AND SECURITIES, INC.

The joint meeting of shareholders and board of directors were held on May 22nd, 1998. All directors and shareholders were present in person. Sung H. Hong acted as a chairman and S. acted as a secretary.

3/27 and

WHEREAS, in connection with internal memorandum dated 05/21/98 from S to Sung H. Hong, the board changes the scope of officers' roles and duties and establishes new management polices as follows;

1. Both parties understand that day trading is not suitable for the company's basic investment policies and strategies.
2. Both parties acknowledge that position trading (buy and hold) as conventional is more suitable for the company's investment policies and strategies.
3. Thus, company will engage in position trading only. Sung H. Hong has shown his expertise on the position trading in his personal account.
4. Sung H. Hong will consult S before making any investment decision.
5. Any loss incurred from a day trading after this date will be taken by Sung H. Hong personally to make S harmless.
6. Sung H. Hong will make himself available for a contact via a pager or phone.

The above policies are hereby resolved.

SUNG H. HONG, chairman — Dated 3/27/98

S secretary — Dated 3/27/98